# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:12CR00003 |
| v. | ) OPINION |
| RONALD DAVID GREEN, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ronald David Green, Pro Se Defendant.*

The defendant Ronald David Green, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss. Green responded to the motion, making the matter ripe for disposition. After reviewing the record, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.

I.

Green was indicted for bank robbery, in violation of 18 U.S.C. § 2113, and for using a firearm in furtherance of the bank robbery, in violation of 18 U.S.C. § 924(c), and the court appointed him counsel. On May 9, 2012, the court held a competency hearing, found Green to be incompetent to stand trial, and committed him to the custody of the Bureau of Prisons ("BOP") so he could be restored to

competency. After receiving two psychological reports and having a second hearing, the court found Green to be competent to stand trial. Green subsequently pleaded guilty to both counts, and I sentenced Green to, *inter alia*, 240 months' imprisonment.

Green presents four claims in his § 2255 motion: (1) counsel was ineffective because counsel operated under a conflict of interest based upon her ownership of stock in the bank that Green robbed; (2) counsel was ineffective for not requesting an "independent mental evaluation of his ability to stand trial and his mental capacity at the time of the crime"; (3) his guilty plea was involuntary due to counsel not advising him of his rights and possible defenses; and (4) the cumulative effect of these errors violated due process. (Pet'r's Mem., ECF No. 60.)

II.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[1] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an

---

[1] If a petitioner has not satisfied one prong of the test, the court does not need to inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

-2-

objective standard of reasonableness.[2] *Strickland*, 466 U.S. at 687-88. The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In his first claim of ineffective assistance of counsel, Green alleges that counsel operated under a conflict of interest based upon her ownership of stock in the bank that Green robbed.[3] To establish that a conflict of interest resulted in ineffective assistance, Green must show that counsel operated under a conflict of

---

[2] *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." *Id.* "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." *Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998) (internal quotation marks and citations omitted).

[3] The right to effective counsel includes the right to representation that is free from conflicts of interest. *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002).

-3-

interest and that the conflict "adversely affected" counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). To demonstrate an "adverse affect," Green must identify a plausible, alternative defense strategy or tactic that counsel might have pursued that was objectively reasonable under the facts known to counsel at that time and also must establish that counsel's "failure to pursue that strategy or tactic was linked to the actual conflict." *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001).

Green admits that he was aware that counsel owned stock in the victim bank when he consulted with counsel about the charges, he signed a written waiver of any potential conflict of interest, and he never objected to counsel's continued representation despite the alleged conflict of interest. Notably, Green has not described any plausible, meritorious defense or any adverse effect from the alleged conflict of interest, and he has not established that he would have not pleaded guilty had this alleged conflict of interest not existed.[4]

Green next alleges that counsel was ineffective for not requesting an "independent mental evaluation." (Pet'r's Mem. 3, ECF No. 60.) Green fails to establish prejudice because he does not demonstrate any deficiency in the

---

[4] I find Green's current allegations that he pleaded guilty because counsel told him to do so to be patently incredible in light of Green's sworn statements during the plea colloquy that he was, in fact, guilty of the offenses and was pleading guilty voluntarily. *See, e.g., United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

-4-

evaluation conducted by the BOP or that another evaluation would have resulted in a finding of not guilty by reason of insanity, especially since a subsequent evaluation determined along with another notable finding that Green was competent to stand trial. (Forensic Evaluation, Oct. 1, 2012, ECF No. 32.) Furthermore, the evaluators appointed in this case served as "officer[s] of the court, not responsible to prosecution or defense." *See, e.g.*, *In re Harmon*, 425 F.2d 916, 918 (1st Cir. 1970). Green fails to establish any appropriate basis for the court to have appointed an additional evaluator.

Green further alleges that his guilty plea was involuntary because counsel did not advise him of his rights and about an insanity defense. Green admits that counsel advised him that he had no defense, and nothing in the record supports an insanity defense. Counsel cannot be deemed deficient for not advising Green about a defense that had no practical chance of success. Furthermore, I determined after the plea colloquy that Green knowingly and voluntarily pleaded guilty to the crimes after he admitted to being fully satisfied with counsel's representation, even after the court held two hearings and Green was twice evaluated about his competency. Moreover, I fully advised Green during the plea colloquy about all the rights he would waive by pleading guilty. Accordingly, Green fails to establish

-5-

Case 2:12-cr-00003-JPJ-RSB   Document 77   Filed 03/19/15   Page 5 of 6   Pageid#: 270

any ineffective assistance of counsel, and his fourth claim involving cumulative errors is baseless.

III

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: March 19, 2015

/s/ James P. Jones
United States District Judge

-6-